IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR SOTO, | ) |
|     Plaintiff, | ) ) ) |
| | ) Case No. 24-CV-12554 |
| v. | ) |
| | ) Honorable John Robert Blakey |
| DET. REYNALDO GUEVARA, DET. BARBARA HEALY, DET. JOHN BOYLE, GERI LYNN YANOW, as special representative of DET. VICTOR GUTIERREZ, DET. JOHN TRAHANAS, DET. JANIT HOWARD, DET. BARNEY GRAF, DET. JOHN PALLOHUSKY, JOSEPH SALEMME, ROBERT BIEBEL, and The CITY OF CHICAGO, Illinois, | ) ) Honorable Magistrate Young B. Kim ) ) ) ) ) ) ) ) |
|     Defendants. | ) JURY TRIAL DEMANDED |

**DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendants Reynaldo Guevara, Barbara Healy, John Boyle, Geri Lynn Yanow, as Special Representative of Victor Gutierrez (deceased), John Trahanas, Janit Howard, Barney Graf, John Pallohusky, Joseph Salemme, Robert Biebel, and the City of Chicago, (collectively "Defendants"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move this Honorable Court to dismiss any and all claims in Plaintiff, Oscar Soto's, Amended Complaint based on the prosecution for the July 17, 1997, fatal shooting of Miguel Salas. In support of their motion, Defendants submit the following memorandum.

**BACKGROUND**

In 1997, Soto was investigated for and criminally charged in two separate crimes: one, the July 5, 1997, non-fatal shooting of Oscar Arroyo, and two, the July 17, 1997, fatal shooting

of Miguel Salas. (Dkt. 72, First Am. Compl., "FAC," at ¶¶ 2, 18, 22.)[1] Eyewitnesses identified Soto as the shooter in both cases which led to his indictment for the attempted murder of Arroyo and the murder of Salas. (*Id.* at ¶¶ 40, 50, 52.) The Cook County State's Attorney' Office ("CCSAO") elected to proceed first on the murder charge. (*See Id*. at ¶¶ 52-55.) After a bench trial, Soto was found not guilty of the Salas murder on June 14, 1999. (*Id.* ¶¶ 5-6, 54; *see also* Ex. 1, Disposition Rpt.)[2]

Soto thereafter pleaded guilty to the attempt murder of Arroyo in return for a six-year sentence for which he would have to serve three years. (Dkt. 72, FAC, at ¶¶ 5, 6, 55.) He was paroled in 2003, and over 20 years later, in 2024, he filed a post-conviction petition to vacate his guilty plea based on Guevara's alleged "rampant corruption." (*Id*. at ¶¶ 63, 65.) The petition was unopposed by the State, and Judge Obbish granted it and vacated the plea on July 25, 2024. (*Id*. at ¶¶ 66-67.) The State thereafter dismissed the charges. (*Id*. at ¶ 67.)

On December 6, 2024, Soto filed this action alleging that Defendants caused his wrongful prosecution, conviction, and detention for the July 5, 1997, attempted murder of Arroyo, as well as his wrongful prosecution and pre-trial detention for the July 17, 1997, murder of Salas. (*See* Dkt. 1, Compl.; Dkt. 72, FAC at ¶¶ 1-2, 4.) Specifically, Soto alleges that "[i]nstead of attempting to find the persons who actually shot Oscar Arroyo and Miguel Salas, the Defendants sought to pin both crimes on Mr. Soto, even though they knew he was innocent." (Dkt. 72, FAC,

---

[1] The FAC is premised on the same factual allegations as the original complaint. The FAC was filed to correctly name Defendant Howard and to name a Special Representative for deceased defendant Gutierrez. (*Compare* Dkt. 1 with Dkt. 72.)

[2] The Seventh Circuit has "long held" that district courts may ". . . take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion." *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022)(citing *Collins v. Village of Palatine*, 875 F. 3d 839, 842 (7th Cir. 2017); *Ewell v. Toney*, 853 F.3d 911, 914, 917 (7th Cir. 2017); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994.))

at ¶ 30.) In support, Soto alleges that Defendants fabricated reports and photo arrays, manipulated witnesses into identifying him as the shooter in both shootings, and hid this misconduct from both prosecutors and Soto's defense attorneys. (*Id*. at ¶¶ 30-49.)

Soto's claims arising from his prosecution and pre-trial detention for the Salas murder are time-barred. As noted above, Soto was acquitted of the Salas murder on June 14, 1999. (*Id*. ¶¶ 5-6, 54; *see also* Ex. 1, Disposition Rpt.) And as explained below, any claims arising out of his prosecution and pre-trial detention for the murder accrued on that date. Consequently, Soto's December 6, 2024, complaint setting forth claims arising from that prosecution are over 23 years late. Further, Soto's acquittal bars any Fourteenth Amendment Due Process claim predicated upon his prosecution and pre-trial detention for the Salas murder. This motion does not seek dismissal of any of Soto's claims arising from his prosecution and detention for the attempted murder of Arroyo.

**LEGAL STANDARD**

A Fed. R. Civ. P. 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005)); *see also Scott v. Bender*, 893 F.Supp.2d 963, 972 (N.D. Ill., Sept. 26, 2012) (granting 12(b)(6) motion based on statute of limitations.)

3

ARGUMENT

I. **Soto's Federal Claims arising from the Salas Murder Prosecution are Time-Barred.**

The statute of limitations for Section 1983 claims is the same as the personal injury statute of limitations for the state in which the court resides. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007) (*quoting Owens v. Okure*, 488 U.S. 235, 249-250, 109 S. Ct. 573 (1989)). In Illinois, that statute of limitations is two years. 735 ILCS §5/13-202.

While the limitations period for a civil rights claim under 42 U.S.C. §1983 is supplied by state law, the date on which the underlying causes of action accrue is governed by federal law. *Wallace*, 549 U.S. at 388. Specifically, claims under §1983 accrue when the plaintiff has a complete cause of action, or when he can file suit and obtain relief. *See id*; *see also Heck v. Humphrey*, 512 U.S 477, 114 S. Ct. 2364 (1994.)

Liberally construing Soto's FAC in his favor, it appears that he is seeking relief under §1983 for his investigation, prosecution and pre-trial detention for the Salas murder based on the alleged fabrication of police reports and witness identifications and the suppression of exculpatory evidence: Count I (Violation of Due Process under the Fourteenth Amendment) and Count II (Malicious Prosecution under the Fourth and Fourteenth Amendment). Plaintiff also brings §1983 claims in Count III for (Failure to Intervene) and Count IV (Conspiracy) (Dkt. 72, FAC, Counts I-IV), but each of those claims is derivative of the underlying substantive claims for fabrication and suppression of evidence, and malicious prosecution. *Rosado v. Gonzalez*, 832 F.3d 714, 719 (7th Cir. 2016) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (stating conspiracy is not an independent basis of liability in Section 1983 actions.) Finally, Soto brings a *Monell* claim against the City alleging that the City's alleged

4

policies, practices and customs caused the Defendants' alleged violation of Soto's constitutional rights. (Dkt. 72, FAC, at Count V.)

All of these claims are time-barred. Specifically, the statute of limitations for Soto's fabrication of evidence claims accrued in December 1999, when the criminal proceedings terminated in his favor. *See McDonough v. Smith*, 588 U.S. 109, 119-120, 125 (2019) (Finding statute of limitations on fabrication of evidence claim began to run when McDonough was acquitted because "[o]nly once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*[3] . . . will the statute of limitations begin to run.") Soto's *Brady* claims similarly accrued when the criminal proceedings terminated in his favor. *Camm v. Faith*, 937 F.3d 1096, 1110 (7th Cir. 2019) (holding that statute of limitations for *Brady* claims accrues when criminal proceedings terminate in defendant's favor). The same is true for Soto's malicious prosecution claims under the Fourth Amendment. *Smith v. City of Chi.*, 2022 WL 2752603, *1 (7th Cir. 2022) ("After *Thompson*, a Fourth Amendment claim for malicious prosecution accrues when the underlying criminal prosecution is terminated without a conviction.") And while failure to intervene and conspiracy claims begin to run ". . . on the date the defendant invaded the plaintiff's interest and inflicted injury . . ." *see e.g. Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009), where such claims would impugn the validity of a plaintiff's conviction, they are tolled under *Heck* until a plaintiff's conviction is set aside. *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014.) Finally, these same principles apply to Soto's *Monell* claim. *Prince v. Garcia*, 2024 WL 4368130, *8 (N.D. Ill., Sept. 30, 2024) (". . . the statute of limitations for the underlying Section 1983 claim also applies to the *Monell* claim.") (citations omitted.)

---

[3] 512 U.S 477.

Viewed against that backdrop, all of Soto's § 1983 claims related to his prosecution and pre-detention for the Salas murder began to run on the date of his acquittal, June 14, 1999, and needed to be filed by June 14, 2001. But Soto did not file his complaint until December 5, 2024, nearly 23 years and 6 months too late. Accordingly, Counts I-V of Soto's operative complaint should be dismissed as time barred to the extent they are premised on Soto's prosecution and pre-trial detention for the Salas murder.

## II. Soto's Due Process Claim Predicated on the Salas Murder Prosecution Further Fails as a Matter of Law.

In addition to being barred by the statute of limitations, to the extent Soto's Due Process claim (Count I) is based on his prosecution and pre-trial detention for the Salas murder, these claims are not cognizable because Soto was acquitted.

A plaintiff's acquittal forecloses a due process claim. *Bianchi v. McQueen*, 818 F. 3d 309, 319-320 (7th Cir. 2016); *Cusick v. Gualandri*, 573 F. Supp. 3d 1256, 1265-66 (N.D. Ill. Nov. 22, 2021). Indeed, "it would be anomalous to hold that attending a trial deprives a criminal defendant of liberty without due process of law, when the purpose of the trial is to effectuate due process." *Alexander v. McKinney*, 692 F. 3d 553, 557 (7th Cir. 2012) (emphasis in original).

Once more, Soto was acquitted of the Salas murder after a bench trial on June 14, 1999. (Dkt. 72, FAC, at ¶5; Ex. 1, Disposition Rpt.) Accordingly, Soto cannot maintain any Due Process claim based on any alleged misconduct that occurred with respect to the Salas murder investigation and Count I of Soto's operative complaint fails to the extent it is premised on the same. *See Cusick*, 573 F. Supp. 3d at 1265-66 (dismissing plaintiff's Fourteenth Amendment Due Process claims based upon manufacturing false evidence/witness statements and withholding exculpatory information because plaintiff was acquitted at trial.)

## III. Soto's Illinois State Law Claims are Barred by the Applicable Statute of Limitations.

6

Soto also brings six claims under Illinois State Law for the same conduct noted above: Count VI (State Law Malicious Prosecution); Count VII (Intentional Infliction of Emotional Distress "IIED"); Count VIII (Willful and Wanton Conduct); Count IX (State Law Conspiracy); Count X (*Respondeat Superior*); Count XI (Indemnification) (Dkt. 72, FAC, Counts VI-XI.) Yet again, to the extent these claims arise from Soto's prosecution and pre-trial detention for the Salas murder, they are likewise time-barred.

Section 8-101(a) of the Tort Immunity Act provides:

> No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS 10/8-101. Under Illinois law, the statute of limitations for claims of malicious prosecution begins to accrue upon the termination of the criminal proceeding at issue in the plaintiff's favor. *Tabet v. Mill Run Tours, Inc.*, 10-CV-4606, 2013 WL 1103695, * 3 (N.D. Ill. Mar. 15, 2013) (citing *Ferguson v. City of Chi.*, 2013 Ill.2d 94, 99, 289 Ill. Dec. 679, 820 N.E.2d 455 (2004); *Scott v. Bender*, 2012 WL 4458425, *11 (N.D. Ill., Sept. 26, 2012.)) The same is true for state law claims of intentional infliction of emotional distress, willful and wanton conduct, and conspiracy that arise out of the same operative facts as the malicious prosecution claim. *Tabet,* 2013 WL 1103695, *3; *see also Rivera v. Lake County*, 974 F. Supp.2d 1179, 1188-1189 (N.D. Ill., Sept. 26, 2013); *Grullon v. Vanacora*, 2002 WL 1553373, *3 (N.D. Ill., July 15, 2002) (willful and wanton claims accrue on the date ". . . defendants breached a duty to plaintiff, or intentionally or recklessly injured him . . .")

Here, Soto's IIED, willful and wanton conduct, and state law conspiracy claims arise from the same operative facts that make up his malicious prosecution claim; that is, Defendants' actions in allegedly fabricating police reports and witness identifications, and withholding

exculpatory evidence, in order to frame Soto for a murder he allegedly did not commit. (*See* Dkt. 72, FAC, at ¶¶ 149-161.) At the risk of repetition, Soto was acquitted of the Salas murder on June 14, 1999, at which time the statute of limitations for any related state law claims began to accrue. (*See* Ex. 1, Disposition Rpt.) He was, therefore, required to file his complaint related to these claims no later than June 14, 2000, but he did not file until December 5, 2024, nearly 24 years and 6 months too late.[4] Thus, Counts IV-XI of Soto's operative complaint should be dismissed as time barred to the extent they are premised on Soto's prosecution and pre-trial detention for the Salas murder.

## CONCLUSION

WHEREFORE, Defendants Reynaldo Guevara, Barbara Healy, John Boyle, Geri Lynn Yanow, as Special Representative of Victor Gutierrez (deceased), John Trahanas, Janit Howard, Barney Graf, John Pallohusky, Joseph Salemme, Robert Biebel, and the City of Chicago respectfully request that this Honorable Court grant their Partial Motion to Dismiss Plaintiff's Amended Complaint with prejudice for the above stated reasons.

---

[4] Soto's *Respondeat Superior* and Indemnification claims are contingent upon his underlying state law claims and thus rise or fall with those claims. 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable."); *see also Ross v. Mauro Chev.*, 861 N.E.2d 313, 320 (1st Dist. 2006).

Date: June 2, 2025

/s/ Allison L. Romelfanger
ALLISON L. ROMELFANGER, Atty No. 6310033
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Officers*

James G. Sotos
Josh M. Engquist
Allison L Romelfanger
Olivia T. Raimondi
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
 (630) 735-3300
aromelfanger@jsotoslaw.com

/s/Theresa B. Carney
THERESA B. CARNEY
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant City of Chicago*

Eileen E. Rosen
Catherine Macneil Barber
Theresa Berousek Carney
Erica Fatima
Lauren M. Ferrise
Andrew Joseph Grill
Austin Gordon Rahe
Kelly Ann Krauchun
Sabrina A. Scardamaglia
Martin M. McManaman
Rock Fusco & Connelly, LLC
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000
tcarney@rfclaw.com

Respectfully submitted,

/s/Graham Miller
GRAHAM M. MILLER
*One of the Attorneys for Defendant Guevara*

Steven Blair Borkan
Tim P. Scahill
Emily Erin Schnidt
Graham P. Miller
Kathryn E Boyle
Misha Itchhaporia
Molly Boekeloo
Whitney Newton Hutchinson
Krystal Gonzalez
Andrea Felicia Fabian-Checkai
Drew E. Wycoff
Christiane E. Murray
Borkan & Scahill, LTD
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
gmiller@borkanscahill.com)

9