**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OSCAR SOTO, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 24-cv-12554 |
| | ) | |
| v. | ) | |
| | ) | Hon. John Robert Blakey |
| DET. REYNALDO GUEVARA, DET. BARBARA HEALY, DET. JOHN BOYLE, GERI LYNN YANOW, as special representative of DET. VICTOR GUTIERREZ and DET. JOHN TRAHANAS, DET. JANIT HOWARD, DET. BARNEY GRAF, DET. JOHN PALLOHUSKY, JOSEPH SALEMME, ROBERT BIEBEL, and the CITY OF CHICAGO, Illinois, | ) | |
| *Defendants*. | | |

**PLAINTIFF'S UNOPPOSED MOTION TO SUBSTITUTE**

Plaintiff OSCAR SOTO, by and through his undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 25(a)(1), to appoint and substitute Joan Biebel as special representative for deceased Defendant Robert Biebel for purposes of this action. In support of this motion, Plaintiff states as follows:

1. Plaintiff Oscar Soto filed this lawsuit on December 6, 2024. Dkt. 1.

2. Plaintiff alleges that Chicago police officers, including Defendant Biebel, framed him for a murder, of which he was acquitted, and a shooting, to which he later pled guilty as a result of Defendants' misconduct.

3. Defendant Biebel died on June 17, 2026, while this action was pending.

4. On June 23, 2026, Defendants filed a Suggestion of Death notifying the Court and the parties of Defendant Biebel's death. Dkt. 304.

5. Federal Rule of Civil Procedure 25(a)(1) provides that, when a party dies and the claim against that party is not extinguished, "the court may order substitution of the proper party." A motion for substitution may be made by any party or by the decedent's successor or representative.

6. Plaintiff asserts his claims against Defendant Biebel survive his death and therefore are not extinguished. *See, e.g., Hicks v. Young*, No. 10 C 3874, 2012 WL 1755735, at *1–2 (N.D. Ill. May 15, 2012).

7. Federal courts in Illinois have authority to appoint special representatives consistent with Illinois law to permit surviving claims against deceased parties to proceed. *See Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing district court's authority to appoint a special representative); *Anderson v. Romero*, 42 F.3d 1121, 1124-35 (7th Cir. 1994) (appointing special administrators after death of a party); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

8. Illinois law expressly provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death and without the need for the opening of an estate. 735 ILCS 5/2-1008(b)(2); *see also* 735 ILCS 5/13-209(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointment of a special representative).

9. Courts in this District have repeatedly exercised this authority where defendants die before or during the pendency of civil-rights and wrongful-conviction actions. *See DeLeon-Reyes v. Guevara*, 2019 WL 1200348 (N.D. Ill. March 14, 2019) (appointing special

representatives for deceased defendants in wrongful conviction case); *Savory v. Cannon*, No. 17 Civ. 204 (N.D. Ill. Mar. 9, 2017), Dkt. 41 (same); *Starks v. Waukegan, et al*., No. 09 Civ. 348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (Order Appointing Special Administrator); *Rivera v. Lake County, et al.*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing special representative for deceased defendants); *Tamburo v. Dworkin*, 2012 WL 10454, at *3-4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law); *see also Nevest Coleman v. City of Chicago, et al*., 1:18 Civ. 998 (N.D. Ill. July 18, 2018), Dkt. 64; *Vaughn v. Griffin*, No. 2:15 Civ. 2047 (C.D. Ill. Sept. 19, 2017), Order on Dkt. 213; *Ross v. Gossett*, No. 15 Civ. 309 (S.D. Ill. July 20, 2017), Dkt. 368.

10. Courts similarly recognize that Rule 25(a)(1) should be applied to allow an action to continue against the person with authority to represent the deceased defendant's interests. *See, e.g., Hicks v. Young*, No. 10 C 3874, 2012 WL 1755735, at *1 (N.D. Ill. May 15, 2012) (substituting deceased defendant's widow as representative); *Flow Capital Corp. v. Besh Holding Corp*., No. 17 C 810, 2020 WL 6149568, at *7–8 (N.D. Ill. Oct. 20, 2020) (recognizing that courts have construed Rule 25(a)(1) to permit substitution of an appropriate successor even where that person has not been formally appointed representative or administrator); *Bertam Music Co. v. P & C Enters., Inc*., No. 09-CV-2253, 2011 WL 2633666, at *6 (C.D. Ill. July 5, 2011) (same).

11. Accordingly, this Court has authority under Rule 25(a)(1) and applicable Illinois law, specifically 735 ILCS 5/2-1008(b)(2), to appoint and substitute a special representative for Defendant Biebel so that Plaintiff's surviving claims may proceed.

12. Joan Biebel is Defendant Biebel's surviving spouse, and Defendants have informed the undersigned that Ms. Biebel is willing to serve as Special Representative for Robert Biebel, deceased.

13. Substitution is particularly appropriate because Defendant Biebel's death does not alter the merits of Plaintiff's claims or eliminate the constitutional injuries for which Plaintiff seeks relief. Appointment and substitution of a representative simply permit Plaintiff's existing, surviving claims to continue against the proper representative of the deceased Defendant.

14. Nor will substitution prejudice any party. Plaintiff commenced this action against Defendant Biebel nearly four years before his death, and the claims against him were actively pending when he died. Substitution does not add new claims, alter the nature of the litigation, or expand any party's potential liability; it merely permits the existing claims to proceed without interruption. Denying substitution, by contrast, would prevent Plaintiff from pursuing otherwise surviving claims solely because Defendant Biebel passed while this action was pending.

15. Consistent with 735 ILCS 5/2-1008(b)(2), Plaintiff will not, nor could he, seek punitive damages against Defendant Biebel's representative in this action.

16. Plaintiff and Defendants have conferred regarding this motion and Defendants do not oppose the relief required herein. Defendants assert that by not opposing this motion, Defendants and Joan Biebel, the Special Representative of Robert Biebel, deceased, do not forgo or waive any defenses or the ability to seek dismissal, judgment, relief from order or judgment or an appeal. Further, Defendants and Joan Biebel, the Special Representative of Robert Biebel, deceased, reserve the right to assert any defense and to pursue any dispositive and post-judgment motions and any appeals in this matter, including but not limited to those that would otherwise be available had this motion been opposed.

WHEREFORE Plaintiff respectfully requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 25(a) appointing and substituting Joan Biebel as special representative of Robert Biebel, deceased, and granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**OSCAR SOTO**

By: /s/ Sean Starr
*One of Plaintiff's Attorneys*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Tom Kayes
**Loevy & Loevy**
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
312-243-5900
sean@loevy.com